UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FRANK LUBINSKAS,**

   **Plaintiff,**

**v.**               Case No: 6:16-cv-1622-Orl-41DCI

**AMICA MUTUAL INSURANCE
COMPANY,**

   **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** MOTION TO REMAND (Doc. 11)
>
> **FILED:** October 11, 2016
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I.   BACKGROUND

On July 28, 2016, Plaintiff filed a complaint (the Complaint) in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida seeking damages for an automobile accident that occurred on or about November 14, 2014. Doc. 2. Plaintiff alleged that as a result of the accident, he suffered "bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, scarring and disfigurement, surgical costs and recovery, and aggravation of a previously existing condition." Doc. 2 at ¶ 7. Plaintiff alleged that these "losses

are either permanent or continuing in nature and the Plaintiff will suffer these losses in the future." *Id.*

On September 15, 2016, Defendant filed a notice of removal seeking to remove the case to the United States District Court for the Middle District of Florida, Orlando Division pursuant to 28 U.S.C. § 1332. Doc. 1.

On October 11, 2016, Plaintiff filed a motion to remand the case to state court (the Motion). Doc. 11. Plaintiff argued that the case did not satisfy the amount-in-controversy necessary for the Court to exercise diversity jurisdiction.[1] Doc. 11. To support his argument, Plaintiff attached documents showing that Plaintiff's adjusted outstanding medical bills totaled only $5,061.60.[2] Doc. 11–4. Plaintiff also asserted that Defendant's reliance on Plaintiff's $300,000.00 demand letter (the Demand Letter) to establish the jurisdictional amount-in-controversy was improper.[3] Doc. 11 at 4–5. Plaintiff requested an award of attorney fees and expenses related to the filing of the Motion. Doc. 11 at 6.

On October 21, 2016, Defendant filed a response to the Motion (the Response). Doc. 15. In its Response, Defendant argued that its reliance on the Demand Letter was proper because the Demand Letter set forth details of Plaintiff's injuries, treatment, and medical expenses. Doc. 15 at 4–5. Further, Defendant alleged that Plaintiff had incurred medical bills in excess of $66,669.32.

---

[1] Plaintiff did not allege a lack of diversity as grounds for remand. Doc. 11.

[2] Plaintiff claimed that his outstanding medical bills were adjusted down from $63,317.32 to $5,061.60 after a "contractual insurance adjustment." Doc. 11 at 5.

[3] Despite taking the position that Defendant's reliance on the Demand Letter was improper, Plaintiff represented in the Motion that Defendant's last settlement offer was for $25,000.00. Doc. 11 at 5.

Doc. 15 at 4, 6.  Defendant attached various documents to the Response, including the Demand Letter and some of Plaintiff's medical bills.  Doc. 15.

## II.     LAW

"A defendant seeking to remove a case bears the burden of proving that the federal district court has original jurisdiction."  *Alilin v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1183-Orl-41DAB, 2014 WL 7734262, at *2 (M.D. Fla. Jan. 30, 2014) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).  Federal diversity jurisdiction exists "where the suit is between citizens of different states and the amount in controversy exceeds . . . $75,000."  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. 1332(a) (2016).  "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court."  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (citation omitted).

"A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citations omitted); *see also S. Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014) ("What counts is the amount in controversy at the time of removal."); *Adventure Outdoors*, 552 F.3d at 1294–95.  Because the amount-in-controversy must be determined at the time of removal, potential post-judgment set-offs and collateral source payments are not considered at the removal stage.  *Alilin*, 2014 WL 773462, at *3 (citations omitted); *see also Gehl v. Direct Transp., Ltd.*, No. 6:12-cv-1869-Orl-31DAB, 2013 WL 424300, at *2 (M.D. Fla. Feb. 4, 2013).

"Where . . . the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the

- 3 -

jurisdictional requirement." *Williams*, 269 F.3d at 1319 (citations omitted). However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). Rather, a court may consider the evidence combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations. *See id.*; *see also S. Fla. Wellness*, 745 F.3d at 1315.

In determining whether a removing defendant has carried its burden of proving that the amount-in-controversy satisfied the jurisdictional requirement at the time of removal, a court may consider post-removal evidence. *Williams*, 269 F.3d at 1319. This post-removal evidence may include a plaintiff's settlement offer and attached medical records. *Alilin*, 2014 WL 7734262, at *2 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)). A defendant's settlement offer, however, is not relevant evidence to establish the amount-in-controversy. *See Gehl*, 2013 WL 424300, at *3.

Although medical records attached to a settlement offer are entitled to great weight, a plaintiff's settlement offer itself is "not conclusive proof of the amount in controversy as these offers, particularly pre-suit offers, typically 'reflect puffing and posturing' on the part of the plaintiff." *Alilin*, 2014 WL 7734262 at *2 (citations omitted). With that said, "offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight." *Id.* (citation omitted).

### III.   ANALYSIS

Here, Defendant bears the burden of showing by a preponderance of the evidence that the amount-in-controversy at the time of removal exceeded the jurisdictional requirement of $75,000.00. It is undisputed that Plaintiff's medical bills, before any adjustments, total at least

$63,317.32.[4]  Therefore, the preponderance of the evidence need only show that there was an additional $11,682.68 in controversy at the time of removal.

Based upon the Demand Letter and medical records attached to Defendant's Response, the undersigned is satisfied that Defendant has made this showing.  In the Demand Letter, Plaintiff's counsel stated that Plaintiff was involved in a head-on collision resulting in neck, shoulder, and back injuries.  Doc. 15–3 at 1–2.  Following the accident, Plaintiff reportedly experienced intense neck and shoulder pain that was not helped through conservative treatment.  *Id*. at 2.  As a result, Plaintiff underwent arthroscopic shoulder surgery to repair a tear in his right shoulder.  *Id*.  A post-operative MRI revealed a "high-grade partial-thickness tearing of the supraspinatus tendon of about 80%."  Doc. 15–6.

Following surgery, Plaintiff reportedly experienced continued pain, discomfort, and immobility on a daily basis.  Doc. 15–3 at 2.  Significantly, Thomas Winters Jr., M.D., the surgeon that performed the arthroscopic shoulder surgery, reportedly opined that Plaintiff has reached maximum medical improvement and that Plaintiff has a five percent whole body impairment.  *Id*.

Given that Plaintiff is seeking damages for pain and suffering, disability, disfigurement, scarring, loss of capacity for enjoyment of life, and future medicals, it is the undersigned's opinion, after examining the evidence and applying reasonable deductions and inferences, that a preponderance of the evidence shows that there is more than $11,682.68 in controversy, not including the $63,317.32 in undisputed past medical bills.  Therefore, Defendant has carried its

---

[4] Defendant alleged in its Response that Plaintiff's outstanding medical bills exceed $66,669.32. Doc. 15 at 4.  In support, Defendant attached Plaintiff's Demand Letter, which indicated that Plaintiff had outstanding medical bills of approximately $66,669.32 as of March 1, 2016.  Doc. 15–3 at 3.  In his Motion, Plaintiff did not address or account for the additional medical bills that Plaintiff discussed in the Demand Letter.  Doc. 11.  Specifically, Plaintiff made no mention of a $2,508.00 surgery bill from Thomas Winters Jr., M.D. and an $844.00 bill from SOAR.  Docs. 11; 15–3 at 3.

burden of showing by a preponderance of the evidence that the amount-in-controversy exceeds the jurisdictional requirement of $75,000.00. Accordingly, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on December 19, 2016.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties